**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JACQUELINE D. ANGLEN, | ) | CASE NO. 1:17CV02384 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| WENDY'S-MUY HAMBURGER | ) | |
| PARTNERS, LLC, et al, | ) | |
| | ) | |
| | ) | **REPORT AND** |
| Defendants. | ) | **RECOMMENDATION** |

Pending before the Court is Defendant MUY Hamburger Partners, LLC's Motion to Dismiss.[1]  (Doc. No. 3).  For the reasons that follow, it is recommended Defendant's motion be GRANTED in part and DENIED in part.

**I. Procedural History**

On November 13, 2017, *pro se* Plaintiff Jacqueline D. Anglen (hereinafter "Plaintiff" or "Anglen"), filed a Complaint against MUY Hamburger Partners, LLC, Wendy's Headquarters, and Wendy's Store 3787.  (Doc. No. 1 at 1.)  Anglen entitled her Complaint "Motion Monetary Compensation to Loss Wages, Motion of Appeal EEOC Discrimination Decision [without] Just

---

[1]  On January 31, 2018, this matter was referred to the undersigned for general pretrial supervision.  (Doc. No. 4.)

1

Cause, Thereby Prejudice Has Been Shown." (*Id*.)  Therein, Anglen alleges a virtually incomprehensible claim against Defendants.  Specifically, the Complaint provides the following:

> THEREFORE, sustained question for consideration shorten investigation without any findings or a report interrupts time for deciding legitimate and or frivolous substance of their work, strong guidelines become binding authenticating that allow the full consideration hereto consequence of appropriations.  Plaintiff thereby deprived due process of the Law ascertained and protected hereby all persons born or naturalized in United States.  Violation hereof the Laws thereby can establish the principle based on circumstances debatable disciplinary inconclusive omitted complete and finalized.  Interpretation breached brought by violation specific corporate charter.  In which, must adhere use hereto the terms interchangeably before implantation procedural rules set with protocol, contrary no inability exists there upon findings.  Court shall enforce and decide if deemed appropriate compensation due to loss wages.
>
> WHEREAFTER, monetary compensation based upon Plaintiff woefully unprepared consequences related hereto financial crisis sustained.
>
> WHEREAS, I pray Justice set herein Law embodiment of the Court remain in full force and effect.  Plaintiff request an investigation along with mediation hearing thereof resolution to just cause, without prejudice.

(Doc. No. 1 at 2, 3.)  Several exhibits are attached to Anglen's complaint including (1) a worksheet indicating Anglen was terminated from Wendy's store 3787 on July 1, 2017 due to gross misconduct and insubordination; (2)  a worksheet indicating Anglen was terminated from Wendy's store 3787 on July 1, 2017 due to unacceptable attendance; (3) an EEOC Charge of Discrimination form, in which Anglen alleges she was "discriminated against because of [her] age;" (4) an EEOC Intake Questionnaire; (5) an EEOC Decision Not to File a Charge form; and (6) an EEOC Dismissal and Notice of Rights form.  (Doc. Nos. 1-2, 1-3, 1-4.)

On the same date, November 13, 2017, Anglen concurrently filed a Complaint in the Cuyahoga County Court of Common Pleas.  (*Cuyahoga County Case No.* CV-17-888950, Docket entry dated 11/13/17.)  This Complaint (hereinafter "State Court Complaint"), including

its attached exhibits, is identical to the Complaint filed in this Court, with the following additional paragraph:

> Notwithstanding, purpose of ensuring due process, respect, fairness including the right hereto petition the Court hereby protect enforce and secure Law purposed violated and decide hereto compensation deemed appropriate. State having Jurisdiction of the matter more specifically equal rights, vigorous affected by the ramification of adverse employment. Plaintiff lack significant resulted thereby loss wages, Plaintiff request the Court to consider and decide equal protection herein pursuant rights hereto compensation.

(*Id.*) The State Court Complaint also adds one additional defendant, the Equal Employment Opportunity Commission ("EEOC"). (*Id.*)

On December 7, 2017, Defendant MUY Hamburger Partners, LLC, (hereinafter "Defendant" or "MUY Hamburger") filed this Motion to Dismiss. (Doc. No. 3.)[2] Anglen has not filed a response.[3]

## II. Standard of Review

Generally, the mere existence of a state court action does not bar a federal court from exercising jurisdiction over a proceeding concerning the same subject matter.[4] *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). However, a federal

---

[2] The Certificate of Service states this Motion was served upon Anglen at her stated address via regular mail. (Doc. No. 3 at 10.) A review of the docket indicates this is the address Anglen provided on her Complaint and her application to proceed *in forma pauperis* (Doc. No. 1 at 1, Doc. No. 2 at 1.)

[3] Pursuant to Local Rule 7.1(d), Anglen's response was due January 9, 2018.

[4] MUY Hamburger also requests this Court dismiss Anglen's claims under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. No. 3 at 1.) Besides setting forth the standard upon which relief can be granted under these rules, MUY Hamburger has made no argument as to why this Court should grant relief under these provisions. (*See* Doc. No. 3 at 5.) Therefore, the Court declines to reach a conclusion as to Anglen's claims under Rules 12(b)(1) or 12(b)(6).

court, in limited circumstances, may abstain from exercising jurisdiction over a matter when there is an identical state court action. *Id*. at 813-816. These circumstances include (1) cases that present "a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law;" (2) cases involving difficult questions of state law presenting public policy issues best resolved by the state courts; and (3) cases where "absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings." *Id.* (internal citations and quotation marks omitted).

If a proceeding does not fall within these three categories, the Supreme Court, in *Colorado River,* has provided abstention may still be appropriate in certain circumstances, due to "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 817.

However, before reaching any conclusion as to abstention under *Colorado River*, a court must initially determine the state court and federal court actions are "parallel proceedings." *Preferred Care of Delaware v. Vanarsdale,* 676 Fed. App'x 388, 393 (6th Cir. Jan. 13, 2017). Two actions are considered "parallel," when "'the parties are substantially similar' and the claims raised in both suits are 'predicated on the same allegations as to the same material facts.'" *Id*. They need not have a "perfect, or even near-perfect, symmetry of parties and causes of action" to satisfy this threshold requirement. *Id.* If the state and federal court actions are not parallel, then abstention under *Colorado River* is not applicable and the analysis ends.

Once a court establishes the state and federal court actions are parallel, the analysis proceeds to determining whether abstention is appropriate. The Supreme Court, in *Colorado*

4

*River* and subsequent decisions, has articulated eight factors a court must consider when deciding whether to abstain from exercising jurisdiction due to a concurrent state court proceeding. *Romine v. Compuserve Corp.,* 160 F.3d 337, 340-341 (6th Cir. 1998). The factors are (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state forum to protect the plaintiff's federal rights; (7) the relative progress of the state and federal court proceedings; and (8) the presence or absence of concurrent jurisdiction. *Id. See also PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 206 (6th Cir. 2001).

Consideration of these factors is not a "mechanical checklist," but rather, "a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 16 (1983).

### III. Analysis

In its Motion, Defendant MUY Hamburger asks the Court to dismiss this matter, with prejudice, as it is parallel with the state court proceedings, and the *Colorado River* factors "weigh in favor of abstention." (Doc. No. 3 at 6, 7.) MUY Hamburger maintains three of the *Colorado River* factors are "inapplicable," as the matter "does not involve property, both venues are comparably convenient for the parties, and there has been no material progress in either case." (*Id.* at 7.) MUY Hamburger argues three of the factors are "difficult to assess," as the "specific nature of Plaintiff's claims are unknown," due to the unclear nature of her Complaint. (*Id.*)

MUY Hamburger asserts, however, abstention is appropriate because "there is a substantial risk that this Court and the Cuyahoga County Court of Common Pleas may render conflicting or duplicative decisions," and "Plaintiff filed the State Court Complaint first."  (*Id*.)

For the following reasons, the Court finds abstention is appropriate.  As an initial matter, it is clear the state and federal actions are "parallel," as contemplated under the *Colorado River* doctrine.  As noted *supra*, beyond one additional paragraph in the State Court Complaint, the Complaints in both proceedings are identical.  (Doc. No. 1 at 2, 3 and *Cuyahoga County Case No.* CV-17-888950, Docket entry dated 11/13/17.)  The exhibits attached to both Complaints are also identical.  (Doc. Nos. 1-2, 1-3, 1-4 and *Cuyahoga County Case No.* CV-17-888950, Docket entry dated 11/13/17.)  The Defendants, beyond one additional Defendant in the state court action, are the same.  Anglen also seeks the same relief in both of her Complaints.  (Doc. No. 1 and *Cuyahoga County Case No.* CV-17-888950, Docket entry dated 11/13/17.)  The Sixth Circuit has found where parties are substantially similar, and the claims are based upon the same allegations and material facts, the actions may be considered "parallel" for purposes of *Colorado River* abstention.  *Romine,* 160 F.3d at 340.

Accordingly, and in the absence of any meaningful argument from Plaintiff to the contrary, the Court finds Anglen's state and federal court proceedings are parallel.  The next step in the analysis is the weighing of the *Colorado River* abstention factors.  As noted above, MUY Hamburger argues the factors weigh in favor of abstention.  Anglen failed to respond to MUY Hamburger's Motion, and therefore, offers no argument with respect to any of the relevant factors.

6

The Court considers the *Colorado River* factors as follows.  In respect to the first factor, the state has not assumed jurisdiction over any property.  As to the second factor, both venues are equally convenient to the parties, as both actions are pending within courthouses located in Cleveland, Ohio.  Contrary to MUY Hamburger's argument, however, this does not make the first two factors "inapplicable."  Rather, it weighs against abstention.  *See Romine,* 160 F.3d at 341 *and PaineWebber, Inc.*, 276 F.3d at 207 (both finding where the state and federal actions were pending in the same city weighed against abstention.).  *See also Medical Quant USA, Inc. v. Karns,* 2016 WL 6996149 at *4 (N.D. Ohio Nov. 29, 2016)("This Court will follow decisions from the Northern District and Sixth Circuit which have found that in cases where 'no property is at issue between the parties, this first *Colorado River* factor is inapposite, supporting the exercise of jurisdiction by the federal court.")

The third factor, the avoidance of piecemeal litigation, however, weighs in favor of federal abstention.  Piecemeal litigation occurs when "different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results."  *Romine*, 160 F.3d at 341.  Though the Supreme Court has not prescribed a ranking of the *Colorado River* factors, it has indicated this factor is of prime importance.  *Novogroder v. NOM Lima Shawnee, LLC,* 2007 WL 2417368 at *2 (N.D. Ohio Aug. 21, 2017).  *See also Preferred Care of Delaware,* 676 Fed. App'x at 395 (describing this factor as "paramount").  However, the mere existence of concurrent litigation does not provide a sufficient reason for a federal court to defer jurisdiction to the state court.  *Frame v. Humility of Mary Health Partners,* 2009 WL 1659138 at *5 (N.D. Ohio June 12, 2009).

Here, there is a clear risk of piecemeal litigation. Anglen has filed the same action, against the same defendants,[5] in two different venues. Thus, the threat of inconsistent outcomes and waste of judicial resources is high. Without abstaining, this Court would necessarily have to consider the same facts and allegations being considered in the state court. This is, as the Sixth Circuit has recognized, "the very definition of creating piecemeal litigation." *Preferred Care of Delaware,* 676 Fed. App'x at 395. While the "mere existence" of this concurrent litigation does not provide sufficient reason to defer jurisdiction on its own, the combination of the other factors, discussed *infra*, does tip the analysis in favor of abstention.

The next factor, the order in which jurisdiction was obtained, weighs against abstention. MUY Hamburger makes much of the fact Anglen filed the State Court Complaint first, arguing this weighs in favor of abstention. (Doc. No. 3 at 4, 7.) The Court disagrees. Anglen filed her State Court Complaint just over an hour prior to filing her Complaint in this Court on November 13, 2017. (Doc. No. 1 and *Cuyahoga County Case No.* CV-17-888950, Docket entry dated 11/13/17.) The Sixth Circuit has found a found a difference of two days between filings to be insignificant. *PaineWebber, Inc.*, 276 F.3d at 207. Thus, a mere hour is inconsequential when considering this factor, and therefore weighs against abstention.

Next, consideration must be given to the source of governing law. As correctly noted by MUY Hamburger, it is difficult to assess the exact source of law for Anglen's claims, due to the confusing nature of her Complaint. (*See* Doc. No. 1.) However, Anglen has several EEOC documents attached to her Complaint, which reference a possible age discrimination claim.

---

[5] Defendants herein are both named as Defendants in the state court action. As noted *supra,* the state court action does name one additional Defendant, the EEOC.

8

(Doc. No. 1-3 at 1, Doc. No. 1-4 at 1.)  If Anglen is indeed attempting to raise age discrimination claims against her former employer, these claims could be raised under either or both state and federal law.  Both the Ohio Revised Code and the Age Discrimination in Employment Act ("ADEA") prohibit discrimination by employers on the basis of age.  *See* O.R.C. §4112.02(A) and 29 U.S.C. §623.

However, this factor is relevant only when there is "substantive federal law" or "novel or difficult" questions of state law.  *Frame,* 2009 WL 1659138 at *6.  *See also Medical Quant USA, Inc.,* 2016 WL 6996149 at *6.  It does not appear Anglen's claims are governed exclusively by either state or federal law.  Because there is no indication she is raising a novel issue of Ohio law, this factor neither favors or disfavors abstention.  *See Preferred Care of Delaware, Inc.,* 676 Fed. App'x at 396.  Morever, the substantial federal law factor is "less significant when the states and federal courts have concurrent jurisdiction." *Bates,*122 Fed. App'x at 807.

Here, the state court and this Court have concurrent jurisdiction over any possible age discrimination claims Anglen may be attempting to raise.  This favors abstention, albeit marginally.  *See PaineWebber, Inc.*, 276 F.3d at 208; *Preferred Care of Delaware, Inc.,* 676 Fed. App'x at 397 ("where the source of the relevant law lies at least partly with the state, this factor accordingly tips, however slightly, in favor of abstention.").  Moreover, the state court action is an adequate forum to protect Anglen's interests.  As noted *supra*, Ohio law provides for protection against age discrimination by employers.  Moreover, the ADEA provides jurisdiction to both state and federal courts.  29 U.S.C. §626(c)(1).  There is no legitimate concern the state court will be unable to safeguard Anglen's rights.  Thus, this factor supports abstention.  *See Preferred Care of Delaware, Inc.,* 676 Fed. App'x at 396.

The final inquiry under *Colorado River* is the relative progress of the state and federal proceedings. A review of the state court docket indicates the state court proceedings have progressed slightly further than the proceedings in this Court, as a case management conference has been scheduled in the state court case for May 30, 2018. (*Cuyahoga County Case No.* CV-17-888950, Docket entry dated 1/4/18). Regardless, each case is still in the early stages of litigation. Thus, as there is not a "substantial difference in the relative advancement" of the proceedings, this factor weighs against abstention. *See Bates,* 122 Fed. App'x at 807.

On balance, after applying the *Colorado River* factors, the Court recommends abstention from jurisdiction in this matter. While neither case has progressed significantly, the avoidance of piecemeal litigation weighs in favor of abstention. Moreover, the presence of concurrent jurisdiction, as well as the adequacy of the state court to protect Anglen's rights further tips the scale towards abstention.

Finally, and in any event, Anglen has not responded to MUY Hamburger's Motion to Dismiss. Thus, this Court finds the Motion to Dismiss to be unopposed. *See Brown v. Panther Premium Logistics, Inc.,* 2017 WL 6502822 at *1 (N.D. Ohio Sept. 12, 2017)("This Court may interpret the absence of a response to a motion to dismiss as a waiver of opposition.").

### IV. Conclusion

For the foregoing reasons, it is recommended that Defendant MUY Hamburger's Motion to Dismiss be GRANTED in part and DENIED in part as follows: The Court recommends abstention from jurisdiction, with this matter being dismissed without prejudice. [6]

---

[6] Although MUY Hamburger has requested the Court dismiss this case with prejudice, the Court does not find this appropriate. (Doc. No. 3 at 8.) Courts within this Circuit, when granting abstention, have either stayed the proceedings

10

or dismissed the case without prejudice. *See Karem Managed Properties, LLC v. Travelers Indemnity Company,* 2012 WL 671675 at *4 (N.D. Ohio Feb. 29, 2012), *Taylor v. Moore,* 2015 WL 1011382 at *2 (N.D. Ohio Mar. 6, 2015), *Novogroder v. NOM Lima Shawnee,* LLC, 2007 WL 2417368 at *3 (N.D. Ohio Aug. 21, 2007). Therefore, this Court recommends a dismissal of this matter without prejudice.

s/Jonathan D. Greenberg
Jonathan D. Greenberg
United States Magistrate Judge

Date: February 20, 2018

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied,* 474 U.S. 1111 (1986).